IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| Antor Media Corp., | ) | |
| | ) | Case No. 5:07-cv-168-LED-CMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Jury Trial Demanded |
| | ) | |
| AEBN, Inc., *et al*. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

# DEFENDANTS' MOTION TO STAY THIS CASE PENDING REEXAMINATION OF THE PATENT IN SUIT

**I.     INTRODUCTION**

On December 14, 2007, less than two months after this case was filed, the U.S. Patent Office issued a non-final Office Action in the reexamination of U.S. Patent No. 5,734,961 ("the '961 patent") rejecting all claims at issue as anticipated under 35 U.S.C. §102. Exhibit A. The U.S. Patent Office's reexamination involves the same analysis in which most of the parties to this action are only beginning to engage. The U.S. Patent Office's decisions on reexamination will impact many aspects of this case because each of the defendants has been accused of infringing the '961 patent. As a result of the U.S. Patent Office's reexamination, there is a strong likelihood that the claims in the '961 patent will be modified or cancelled. Now that the Patent Office has formally rejected all the claims, the reexamination will proceed quickly to conclusion, as it must under 35 U.S.C. §305 (reexamination proceedings must be conducted "with special dispatch"). Indeed, Antor's response to the office action is due February 14, 2008, and the examiner has indicated that the next action is intended to be a final action. Staying this action while the reexamination is proceeding will obviate the Court's and the parties' expense of significant time, money and resources on a patent that is undergoing scrutiny and that will most likely be significantly changed or cancelled as a result of the reexamination process. A stay will also conserve limited judicial resources and will eliminate the potential inconsistency and confusion that could result from having the same issues addressed by both the Court and the U.S. Patent Office at the same time.

The defendants therefore respectfully ask this Court to stay this case in its entirety until the U.S. Patent Office concludes its reexamination because the outcome of those proceedings will have a dramatic impact on the patent, and, consequently, on the issues in this case.[1]

---

[1] In a related case involving the same patent, *Antor Media Corp. v. Metacafe, Inc.*, Judge Folsom is hearing the defendants' motions to stay on February 28, 2008. The defendants in the related case present similar arguments in support of their motions to stay. *See* Case No. 2:07-cv-102, Docket # 170. On February 7, 2008, another motion to stay was filed in another related case. *See Antor v. Motorola*, Case No. 5:06-cv-00240, Docket # 107.

## II.   BACKGROUND OF THE REEXAMINATION PROCEEDINGS AND RELATED LAWSUITS

Antor filed this lawsuit in November 2007 alleging that the defendants infringe the '961 patent.  Before filing this case, Antor filed multiple lawsuits in the Eastern District of Texas courts asserting the same '961 patent against a number of other parties.[2]   While some of these earlier-filed actions were pending, and more than a year before this action, the U.S. Patent Office granted four separate *ex parte* requests to reexamine the '961 patent in view of a number of allegedly invalidating prior art references.   These four reexamination proceedings, which have been merged, were requested by certain defendants in the earlier-filed actions and are still pending.  The defendants in this case did not request the reexamination of the '961 patent.

On December 14, 2007, the Patent Office issued its first office action rejecting <u>all</u> 29 claims of the '961 patent under 35 U.S.C. § 102 based on three separate prior art references.  Exh. A.  On January 14, 2008, the Patent Office clarified one of the bases for the December 2007 rejection of all of the claims in the Antor patent.  Exh. B.  Antor's response to the rejection of all claims is due February 14, 2008.  The Examiner indicated he intends to move with "special dispatch" and that the next Office Action is intended to be final.  Exh. A at 19 and 21.

Some defendants in earlier-filed actions sought to stay the litigation pending the outcome of the reexamination proceedings.  For example, in *Antor v. Nokia*, Case No. 2:05-cv-186 (E.D. Tex., Marshall Div.), this Court granted the requested stay, but, for it to be effective against any given defendant, each defendant was required to execute a stipulation stating that they "agree not to challenge the '961 patent based on any prior art printed publications that were considered in the reexamination process."  Exh. C, Order (Docket # 410), at 10.  Thereafter, in considering

---

[2] *See generally*, *Antor Media Corp. v. AudioGalaxy, Inc., et al.*, Civil Action No. 2:03-cv-320-DF filed September 5, 2003; *Antor Media Corp. v. Nokia, Inc., et al.*, Civil Action No. 2:05-cv-186-DF-CMC filed May 16, 2005; *Antor Media Corp. v. Motorola*, Civil Action No. 5:06-cv-240-DF filed on October 23, 2006; *Antor Media Corp. v. Samsung Telecom.*, et al., Civil Action No. 5:06-cv-239-DF filed on October 23, 2006; *Antor Media Corp. v. Trusonic, et al.*, Civil Action No. 5:06-cv-270-DF filed on November 20, 2006; *Antor Media Corp. v. Metacafe, Inc.*, et al., Civil Action No. 2:07-cv-102-DF filed on March 27, 2007; *Antor Media Corp. v. Samsung*, Civil Action 5:07-cv-49-DF filed on April 2, 2007 after the Court granted Samsung's Motion to Sever and to Stay in Civil Action No. 5:06-cv-239-DF.

motions to stay related Antor litigation involving the '961 patent, this Court has denied such motions to the extent they argue for a stay conditioned on a different form of stipulation or seek an unconditional stay.

At the time of these orders, however, the U.S. Patent Office had not issued any office action in the reexamination proceedings, a factor which appears to have influenced the Court's decisions. The Court indicated that the motions may be renewed when the U.S. Patent Office takes substantive action in the proceedings because it could "affect the balance of competing interests for a stay." Exh. D (Docket # 166), at 8. After the U.S. Patent Office issued its Office Action rejecting all claims of the '961 patent, the defendants in the related *Antor v. Metacafe* case renewed their motion to stay, and that motion is set for hearing February 28, 2008 before Judge Folsom. *See* Case No. 2:07-cv-102, Docket # 186.

## III.   THIS CASE SHOULD BE STAYED PENDING THE OUTCOME OF THE REEXAMINATION PROCEEDINGS

### A.   Courts, In Their Discretion, Routinely Stay Cases Pending Reexamination

The Court has the inherent power to control its own docket, including the power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983), *cert. denied*, 464 U.S. 935 (1983). How to manage the Court's docket best "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55.

"Courts have routinely stayed infringement actions pending the outcome of reexamination proceedings." *Softview Computer Prods. Corp. v. Haworth, Inc.*, Case No. 97 Civ. 8815, 2000 WL 1134471, at *2 (S.D.N.Y. Aug. 10, 2000) (collecting cases and granting motion to stay pending reexamination). This Court has found that staying a district court case pending the completion of reexamination proceedings has many advantages, including, among others, simplifying discovery and the validity case, reducing the cost of litigation, and perhaps encouraging settlement. *See EchoStar Tech. Corp. v. TiVo, Inc.*, Case No. 5:05-cv-81, 2006 WL 2501494, at *2 (E.D. Tex. July 14, 2006) (listing seven advantages and citing cases). The

Federal Circuit has noted that reexamination may result in the elimination of most, if not all, of the issues in the litigation. *Id.* (citing *Gould*, 705 F.2d 1340).

"[T]he stay of pending litigation to enable PTO review of contested patents was one of the specified purposes of the reexamination legislation." *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 606 (Fed. Cir. 1985), *modified on other grounds*, 771 F.2d 480 (Fed. Cir. 1985). *See also* 35 U.S.C. §§ 301-307 (2000, Supp. IV 2004). As a result, there is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination . . . proceedings." *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

### B. All Three "Stay" Factors Favor Staying This Case Pending Reexamination

In deciding whether to stay litigation pending reexamination, courts typically consider three factors: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (J. Davis) (quoting *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y.1999)). "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *EchoStar*, 2006 WL 2501494, at *1. Here, all three factors favor a stay.

#### 1. There Is No Undue Prejudice To Antor If The Case Is Stayed

A stay will not unduly prejudice Antor since this action is in its initial stages, and Antor was aware of the continuing reexamination before filing suit and of the possibility that the defendants would file a motion to stay pending the reexamination. *See Tap Pharm. Prods., Inc. v. Atrix Labs., Inc.*, 70 U.S.P.Q.2d (BNA) 1319, 1320 (N.D. Ill. 2004) ("Since the litigation is at such an early stage and since Plaintiffs had notice of the pending reexaminations, I find they will not be unduly prejudiced by a stay."). Before filing its initial Complaint in this action on November 5, 2007, Antor knew about the reexaminations, as well as the Court's Order allowing defendants in the related cases to renew their motions to stay when the U.S. Patent Office issued an Office Action. Antor cannot now argue it would be unduly prejudiced by something Antor

has known since inception of the case. In contrast, defendants will be significantly prejudiced absent a stay as they will be forced to expend substantial, and potentially wasted, resources if Antor is permitted to press forward with its claims notwithstanding the considerable uncertainty surrounding its patent.

There is no undue prejudice to Antor by waiting for the reexamination proceedings to conclude. "Reexamination does not threaten protracted or indefinite delay." *Alza Corp. v. Wyeth*, Case No. Civ. A. 9:06-cv-156, 2006 WL 3500015, at *1 (E.D. Tex. Nov. 21, 2006) (J. Clark) (staying case pending reexamination). By law, reexamination proceedings must be "conducted with special dispatch." *See id*. (citing 35 U.S.C. § 305 (2000)). *See also* 37 C.F.R. 1.550(a)(2007). "Additionally, because the patent is involved in litigation, the reexamination proceeding will 'have priority over all other cases.'" *Alza*, 2006 WL 3500015, at *1 (citing Manual of Patent Examining Procedures § 2261). Thus, it should not take too long before the reexamination proceedings conclude. According to one recent district court opinion, "the average time for a reexamination is roughly one and a half years." *Lectrolarm Custom Servs., Inc. v. Vicon Indus., Inc.*, Case No. 03-2330, 2005 WL 2175436, at *3 n.3 (W.D. Tenn. Sept. 1, 2005). The time period remaining for the reexamination of the Antor patent should be particularly short given that the U.S. Patent Office has already issued an Office Action rejecting all claims, Antor's response is due this month, and the Examiner indicated his intent to make the next Office Action final.

Any disadvantage of a short delay of this case is far outweighed by the advantages gained by waiting to see what claims, if any, issue and with what claim scope. *See, e.g., EchoStar*, 2006 WL 2501494, at * 5 (staying case because, "[t]he Court finds a high likelihood that results of the PTO's reexamination will have a dramatic effect on the issues before the Court, up to and including dismissal of the entire action if the patent claims are found to be unpatentable.").

"Furthermore, if the parties continue to litigate the validity of claims in this court and the PTO subsequently finds that the claim in issue is invalid, this action would be moot and the parties will have wasted all of its time and resources." *Alza*, 2006 WL 3500015, at *1.

A stay will also save a substantial amount of money. According to recent statistics, the average cost of litigation per represented party for cases in Texas with $1 million to $25 million at stake is about $3 million. Exh. E (2007 AIPLA Economic Survey at I-91). Proceeding now could cost the defendants in this case collectively tens of millions of dollars. Given the nature of the Patent Office's rejection of the Antor patent, defendants submit that all of this can be avoided by granting a short stay until the reexamination proceedings conclude.

Spending the Court's and the parties' resources over the next year or two litigating the construction, validity, and alleged infringement of the Antor patent claims when those claims are likely to be either invalidated or modified during the reexamination does not serve anyone's best interest, particularly here where discovery has not even begun. *See Ricoh Co. v. Aeroflex, Inc.*, Case Nos. 03-4669-MJ and 03-02289-MJJ, 2006 WL 3708069, at *3 (N.D. Cal. Dec. 14, 2006) (staying the case, despite being well into the litigation, because the Patent Office rejected the claims, and a stay at that point avoids undue prejudice to the defendants). This case presents an even more compelling basis for a stay than *Ricoh* did because in *Ricoh*, the court already had spent a considerable amount of time on the case, but here, this case is at the very beginning. Now is the time to stay the case to avoid unnecessary litigation over patent claims that the Patent Office has found to be unpatentable.

### 2. A Stay Will Simplify The Issues In This Case

"Statistically, 71% of reexamination proceedings result in amended or cancelled claims. Therefore, as a matter of judicial efficiency and economy, it makes sense to await the conclusion of a reexamination before resuming the instant litigation." *Alza*, 2006 WL 3500015, at *2. All claims are confirmed in only 29% of third party-initiated reexaminations. Exh. F at 2.

Here, the Patent Office already has rejected <u>all</u> of the claims of the patent in suit, so the overwhelming likelihood is that the Antor patent claims will be materially changed or voided during reexamination. The U.S. Patent Office's rejection of all claims makes clear that the issues remaining in this case, if any, will be simplified by awaiting the outcome of the reexamination.

Courts have noted that where there is an Office Action rejecting all claims in a patent during reexamination, a stay makes sense because it allows the Court to benefit from the Patent Office's expertise in determining patent validity or potentially eliminating the need to proceed with the lawsuit at all. *See Ricoh*, 2006 WL 3708069, at *4; *EchoStar*, 2006 WL 2501494, at *3 ("[T]he technical expertise provided by the reexamination proceeding will be helpful to the Court on any issues that remain [after the reexamination].").

Moreover, statements made by Antor during the reexaminations may have a significant impact on this case, including on claim construction. For example, Antor's statements could create a clear disavowal of claim scope or give rise to the *Festo* bar on equivalents. Neither the parties nor the Court should expend the time and money to prepare this case with this high degree of uncertainty. *See Soverain Software*, 356 F. Supp. 2d at 662 (noting that "the possibility that some of the claims may change during reexamination . . . favors staying the case."). As this Court has aptly noted, "[i]t would be an egregious waste of both the parties' and the Court's resources if the *Markman* and summary judgment proceedings went forward and the claims were subsequently declared invalid or were amended as a result of the reexamination proceeding." *EchoStar*, 2006 WL 2501494, at *4. *See also Softview Computer*, 2000 WL 1134471, at *3.

Further, if litigation proceeds in parallel with the reexamination proceedings, there is a risk that the Patent Office and the Court will arrive at different judgments concerning the validity and appropriate scope of the patent claims, which will confuse, rather than simplify, the issues to be decided. *See Gioello Enters. Ltd. v. Mattel, Inc.*, No. C.A. 99-375, 2001 WL 125340, at *1 (D. Del. Jan. 29, 2001) ("Not staying the proceedings runs the risk of inconsistent adjudications or issuance of advisory opinions."). Finally, the Court's current proposed schedule, with a Markman hearing set for September 30, 2008, would almost certainly require the Court and the parties to prepare for, and conduct, claim construction proceedings while the patent remains under a dark cloud, efforts that may prove totally wasted. The conservation of judicial resources supports a stay of this case.

### 3. This Case Is Just Beginning

The third "stay" factor also weighs heavily in favor of staying this case because this case is at the very beginning. Judge Folsom acknowledged that this factor weighed heavily in favor of a stay of the earlier-filed *Metacafe* case (Case No. 2-07-cv-102, Docket # 166 at 8). Here, many defendants will not answer until February 11, and discovery has not yet started. The Court has set the initial status conference for February 12, so currently there is no scheduling order in place. In such a situation, a stay pending reexamination is warranted. *See Alza*, 2006 WL 3500015, at *1-2 (staying case in part because, like here, it was "in its infancy."). *See also Photoflex Prods., Inc. v. Circa 3 LLC*, No. C 04-03715 JSW, 2006 WL 1440363, at *1 (N.D. Cal. May 24, 2006) ("[T]he fact that this case is still in the early stages and the parties have not yet conducted 'significant discovery' or invested 'substantial expense' into the litigation weighs in favor of granting a stay.") (citation omitted); *Snyder Seed Corp. v. Scrypton Sys., Inc.*, Case No. 98-CV-87S(H), 1999 WL 605701, at *3 (W.D.N.Y. June 11, 1999) (granting stay pending reexamination because "[n]o discovery has been conducted. In fact, no scheduling order has been entered.").

Given the magnitude of this case and the significant work that lies before the parties as the case proceeds to an as-yet-undetermined trial date, it is apparent that this case is in its very early stages and warrants the granting of the stay. This case is procedurally similar to the case of *Watlow Elec. Mfg. Co. v. Ogden Mfg. Co.*, No. 4:05CV2094 CDP, 2006 WL 1892546, at *1 (E.D. Mo. July 10, 2006). In that case, the court granted a stay because, among other reasons: (1) discovery had not yet begun; (2) a trial date had not yet been set; and (3) the Rule 16 conference had been postponed pending the resolution of the motion to stay. *Id*. The court stated "[i]n sum, the bare minimum amount of resources have been expended in this case thus far." *Id*. *See Tap Pharm*., 70 U.S.P.Q.2d at 1320 (granting a motion to stay where, among other reasons, the case was in its initial pleadings stage); *see also Werre v. Battenfield Techs., Inc.*, 2004 WL 2554568, at *1 (D. Or. Nov. 9, 2004) (finding no undue prejudice where only one set of discovery requests had been served, no depositions had been taken, no expert reports had been

exchanged, no *Markman* hearing had been held or scheduled, and no summary judgment motions had been filed); *Guthy-Renker Fitness L.L.C. v. Icon Health & Fitness Inc.*, 48 U.S.P.Q.2d (BNA) 1058, 1060 (C.D. Cal. 1998). In light of the very early stage of this case, this Court should grant the defendants' motion and stay this case until the reexamination is complete.

## IV.     CONCLUSION

A stay will conserve resources for all involved and will prevent the potential inconsistency that would result if the '961 patent is construed differently by the U.S. Patent Office and the Court. The work that lies ahead for the Court and the parties is substantial and costly and should not be undertaken if it may be rendered meaningless when the U.S. Patent Office decides the reexamination. Furthermore, Antor will not suffer undue prejudice as a result of the stay and actually may benefit from the stay. The defendants therefore respectfully request that all proceedings in this case be stayed pending the outcome of the reexamination, as well as any additional and further relief this Court deems just and proper.

| | |
|---|---|
| Dated: February 8, 2008 | Respectfully submitted, |
| /s/ David M. Stein<br>David M. Stein<br>Texas Bar No. 00797494<br>McDermott Will & Emery LLP<br>18191 Von Karman Avenue, Suite 500<br>Irvine, CA 92612-7108<br>Telephone:    949.851.0633<br>Facsimile:    949.851.9348<br>E-Mail:  dstein@mwe.com<br><br>ATTORNEY FOR UNIVISION COMMUNICATIONS INC.<br><br>/s/ David M. Stein w/permission by Steven J. Rizzi<br>Steven J. Rizzi<br>Thelen Reid Brown Raysman & Steiner<br>875 Third Avenue<br>New York, NY  10022<br>Telephone:    212.603.6735<br>Facsimile:    212.603.2001<br>E-Mail:  srizzi@thelen.com<br><br>ATTORNEYS FOR AUTOMATIC DATA PROCESSING INC.<br><br><br>/s/ David M. Stein w/permission by Andrew Leibnitz<br>Andrew Leibnitz<br>Farella Braun & Martel LLP<br>235 Montgomery Street<br>17th Floor<br>San Francisco, CA  94104<br>Telephone:    415.954.4400<br>Facsimile:    415.954.4480<br>E-Mail:  aleibnitz@fbm.com<br><br>ATTORNEY FOR WAL-MART STORES INC. | /s/ David M. Stein w/permission by Brian M. Kramer<br>Brian M. Kramer<br>Morris & Foerester<br>12531 High Bluff Drive, Suite 100<br>San Diego, California 92130<br>Telephone:    858.314.5415<br>Facsimile:    858.720.5125<br>E-Mail:  bmkramer@mofo.com<br><br>ATTORNEYS FOR DOLE FOOD COMPANY INC.<br><br>/s/ David M. Stein w/permission by W. David Carter, Sr.<br>W. David Carter, Sr.<br>Mercy Carter Tidwell, L.L.P.<br>1724 Galleria Oaks Drive<br>Texarkana, TX  75503<br>Telephone:    903.794.9419<br>Facsimile:    903.794.1268<br>E-Mail:  wdcarter@texarkanalawyers.com<br><br>ATTORNEYS FOR TOUCHTUNES MUSIC CORPORATION<br><br>/s/ David M. Stein w/permission by Charles M. Allen<br>Charles M. Allen<br>Goodman Allen & Filetti<br>4501 Highwoods Parkway<br>Suite 210<br>Glen Allen, VA 23060<br>Telephone:    804.346.0600<br>Facsimile:    804.346.5954<br>E-Mail:  callen@goodmanallen.com<br><br>ATTORNEYS FOR CIRCUIT CITY STORES INC. |

| | |
|---|---|
| /s/ David M. Stein w/permission by Laurin Howard Mills<br>Laurin Howard Mills<br>Nixon Peabody LLP<br>401 Ninth Street NW<br>Suite 900<br>Washington, DC  20004<br>Telephone:    202.585.8515<br>Facsimile:      202.585.8080<br>E-Mail:  lmills@nixonpeabody.com<br><br>ATTORNEYS FOR GANNETT CO INC | /s/ David M. Stein w/permission by Robert Christopher Bunt<br>Robert Christopher Bunt<br>Parker, Bunt & Ainsworth, P.C.<br>100 East Ferguson, Suite 1114<br>Tyler, TX  75702<br>Telephone:    903.531.3535<br>Facsimile:      903.533.9687<br>E-Mail:  rcbunt@pbatyler.com<br><br>ATTORNEYS FOR FORD MOTOR COMPANY |
| /s/ Daivid M. Stein w/permission by E. Danielle T. Williams<br>E. Danielle Thompson Williams<br>NC Bar No. 23283<br>Kilpatrick Stockton LLP<br>1001 West 4th Street<br>Winston-Salem, NC 27101<br>Telephone:    336-607-7300<br>Facsimile:      336-734-2616<br>E-Mail:  DTWilliams@KilpatrickStockton.com<br><br>ATTORNEYS FOR E I DU PONT DE NEMOURS AND COMPANY | /s/ David M. Stein w/permission by Bryant Carroll Boren, Jr.<br>Bryant Carroll Boren, Jr.<br>Baker Bott<br>2001 Ross Ave.<br>Suite 600<br>Dallas, TX  75201-2980<br>Telephone:    214.953.6500<br>Facsimile:      214.661.4539<br>E-Mail:  C.Boren@BakerBotts..com<br><br>ATTORNEYS FOR CISCO SYSTEMS INC |
| /s/ David M. Stein w/permission by Todd G. Miller<br>Timothy K. Brown<br>Tx Bar No. 2403575<br>Fish & Richardson, P.C.<br>1717 Main Street Suite 5000<br>Dallas, TX 75201<br>Telephone:    214.760.6125<br>Facsimile:      214.747.2091<br>E-Mail:  TKBrown@fr.com<br><br>ATTORNEYS FOR AEBN, INC. | /s/ David M. Stein w/permission by Kevin A. Mittler<br>Kevin A. Mittler<br>Howrey LLP<br>1299 Pennsylvania Ave. NW<br>Washington, DC  20004-2402<br>Telephone:    202.783.0800<br>Facsimile:      202.383.6610<br>E-Mail:  mittlerk@howrey.com<br><br>ATTORNEYS FOR XEROX CORPORATION |

| /s/ David M. Stein w/permission by William P. Farley<br>William P. Farley<br>Associate General Counsel<br>The McGraw-Hill Companies, Inc.<br>1221 Avenue of the Americas<br>New York, NY  10020<br>Telephone:     212.512.3625<br>Facsimile:      212.512.6531<br>E-Mail:  william_farley@mcgraw-hill.com<br><br>ATTORNEYS FOR The McGraw-Hill Companies, Inc. | /s/ David M. Stein w/permission by William D. McSpadden<br>Bar No. 24002587<br>Baker & McKenzie LLP<br>2300 Trammell Crow Center<br>2001 Ross Avenue<br>Dallas, Texas  75201<br>Telephone:     214.978.3000<br>Facsimile:      214.978.3099<br>E-Mail:  william.d.mcspadden@bakernet.com<br><br>ATTORNEYS FOR ALLTEL CORP. |
|---|---|

## CERTIFICATE OF CONFERENCE

This is to certify that counsel has conferred with opposing counsel in a good faith attempt to resolve this matter without Court intervention. After conferring, the defendants believe Antor is opposed to the relief requested herein.

/s/ David Stein
David Stein

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 8, 2008.

/s/ David Stein
David Stein

ORC 431796-5.072922.0111