IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ANTOR MEDIA CORPORATION, | § § § | |
| PLAINTIFF, | § § | CIVIL ACTION NO. 5:07-CV-168 |
| V. | § § | JURY DEMAND |
| AEBN, INC. ET AL., | § § | |
| DEFENDANTS. | § | |

## AGREED PROTECTIVE ORDER

To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Federal Rule of Civil Procedure 26(c), it is hereby ORDERED THAT:

## INFORMATION SUBJECT TO THIS ORDER

1. For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced for or disclosed to a receiving party that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain trade secrets or other confidential technical, sales, marketing, financial, or other commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the producing party. Any CONFIDENTIAL INFORMATION obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of preparation and litigation of this matter.

2. A producing party may designate any document or tangible thing containing or including any CONFIDENTIAL INFORMATION as such by marking it "CONFIDENTIAL" prior to or at the time the producing party furnishes copies to the receiving party.

3. Any deposition transcript, in whole or in part, may be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to paragraph 10 herein, by an appropriate statement at the time such testimony is given or thereafter by notifying the other parties in writing of the portions of such testimony to be so designated within thirty (30) days from the date of the deposition. Upon such request, the reporter shall mark the original and all copies of the transcript, as designated. Unless the parties otherwise agree, the entire transcript of all depositions shall be deemed designated as "ATTORNEYS' EYES ONLY" for thirty days from the date of the deposition. Any portions so designated or designated "CONFIDENTIAL" shall thereafter be treated in accordance with the terms of this Order.

4. All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 2, shall be designated by the producing party by informing the receiving party of the designation in writing.

5. (a) Any documents (and things such as samples) made available for inspection by counsel for the producing party, as well as all information obtained during such inspection and documents created based upon any such inspection, initially shall be considered, as a whole, to constitute ATTORNEYS' EYES ONLY and shall be subject to this Order. Thereafter, the producing party shall, as soon as is reasonably practical, review and designate any such documents and information appropriately prior to furnishing production copies to the receiving party, and this shall take place within 30 days of inspection unless otherwise agreed upon by the parties prior to expiration of the 30-day period.

(b) All information gathered, created or extracted during inspection of a facility or piece of equipment, as well as any documents, recordings (whether audio, video or otherwise) or other forms of information created based upon any such inspection, initially shall be considered, as a whole, to constitute ATTORNEYS' EYES ONLY and shall be subject to this Order. Thereafter,

the producing party shall, as soon as is reasonably practical, review and re-designate any such documents, recordings or other information or portions thereof as CONFIDENTIAL INFORMATION or to remove any such designation therefrom, and this shall take place within 30 days of inspection unless otherwise agreed upon by the parties prior to expiration of the 30-day period.

  6.  Subject to paragraph 7 below, the following information is not CONFIDENTIAL INFORMATION:

    (a) any information that at the time of disclosure to a receiving party is in the public domain;

    (b) any information which, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or breach of an obligation of confidentiality to the producing party;

    (c) any information that the receiving party can show was already known to it prior to the disclosure;

    (d) any information which the receiving party can show by written records was received by it after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; and

    (e) any information that the receiving party can show was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's CONFIDENTIAL INFORMATION.

  7.  Not withstanding paragraph 6, a party producing information that falls within the scope of subparagraphs 6(a)-(d) may designate its production as "CONFIDENTIAL INFORMATION" where such information is part of a compilation that is not in the public domain.

**NO WAIVER OF PRIVILEGE**

8. Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege if, as soon as reasonably possible after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege and requests return of such documents to the producing party. Upon request by the producing party, the receiving party immediately shall return or destroy all copies of such inadvertently produced document(s), as well as any summaries, extracts, or portions thereof, and certify to such return or destruction. Prior to Court resolution of any challenge to a designation of privilege the receiving party shall not use any such inadvertently produced documents, or any information contained therein, for any purpose whatsoever in this litigation. Not withstanding any other provisions of the order, nothing shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a written challenge to the Court.

**DISCOVERY RULES REMAIN UNCHANGED**

9. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Eastern District of Texas, and the deadlines set forth in the Court's Docket Control Orders and Discovery Orders.

**INFORMATION DESIGNATED "ATTORNEYS' EYES ONLY"**

10. CONFIDENTIAL INFORMATION may be additionally designated "ATTORNEYS' EYES ONLY." The ATTORNEYS' EYES ONLY designation is reserved for CONFIDENTIAL INFORMATION that constitutes proprietary financial or technical data or

commercially sensitive competitive information, including, but not limited to: nonpublic technical information, including schematic diagrams, technical reference manuals, operations manuals, source code listings (including Hardware Descriptive Language for integrated circuits), object code, and documentation relating to any such source code or object code; CONFIDENTIAL INFORMATION obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); CONFIDENTIAL INFORMATION relating to future products not yet commercially released; damages-related information (e.g., sale volumes, revenues, profitability), licenses and licensing documentation, strategic plans; and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party. Documents designated ATTORNEYS' EYES ONLY and information contained therein shall be available only to: outside litigation counsel of record and supporting personnel employed by those attorneys (not including in-house counsel); Technical Advisors (per paragraph 14 herein) in accordance with paragraphs 15-16 herein; and the Court and Third Party Vendors (per paragraph 19 herein).

## PROSECUTION BAR

11. Any person who receives any document containing technical information designated as "ATTORNEYS' EYES ONLY" shall not prosecute or prepare any patent application, including re-examinations on behalf of any party to this action relating to the disclosed technology from the time of receipt of such information through and including one (1) year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action. In addition, any person subject to this "Prosecution Bar" of this paragraph shall not have any substantive involvement in the prosecution of any such applications filed, or claiming priority from any such application filed, prior to one (1) year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action.

## SPECIAL HANDLING OF COMPUTER CODE

12. (a) To the extent produced in this case, access to source code listings, including any Hardware Description Language (HDL) source code files describing the hardware design of any ASIC or other chips, descriptions of the operation of the source code and/or object code ("Restricted Code") shall be handled as follows unless otherwise agreed by the producing and requesting parties. Access to the Restricted Code shall be provided only to those persons who may see material marked or designated under the highest level of confidentiality ("ATTORNEYS' EYES ONLY"), and subject to the Prosecution Bar in Paragraph 11, and available either (a) in the producing parties outside counsel's offices during regular weekday hours on a stand alone non-networked computer at the producing parties expense; or (b) if the requesting party so elects, at a Third Party Escrow agent at the requesting party's expense.

(b) Restricted Code shall be made available during regular business hours (9:00 a.m. to 6:00 p.m. local time) on 48 hours notice.

(c) To the extent produced in this case, the parties will allow access to Restricted Code in computer searchable form, but need not provide executable code or allow electronic copies to be made of any Restricted Code, with the exception of work copies on the standalone computer for use in analysis by the outside consultants/experts, qualified under paragraphs 14-16 herein, who are reviewing the Restricted Code (the "Code Reviewers"). The Code Reviewers will be allowed to print paper copies of portions of the Restricted Code. Such copies shall be left with the Secure Facility so that the producing party can Bates number, label as "ATTORNEYS' EYES ONLY," and produce such copies to the requesting party's outside counsel promptly. Anyone who receives paper copies of Restricted Code must keep the paper copies of portions of the Restricted Code in a secured container or location at all times when outside the secure facility. Except as expressly provided in paragraph 12, the Code Reviewers may take no action intended to copy, save and/or store the Restricted Code onto any memory device or drive for any purpose other than the immediate display and analysis of such code.

## PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION

## COUNSEL

13. Counsel for a receiving party shall have access to the producing party's information designated CONFIDENTIAL INFORMATION. The term "counsel" shall mean attorneys for the parties working on this litigation, including both outside and in-house counsel, and including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters.

## TECHNICAL ADVISORS

14. Information designated CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY of a producing party, and such copies as are reasonably necessary for maintaining, defending or evaluating this litigation, may be furnished and disclosed to technical advisors. The term "technical advisor" shall mean an outside expert witness or consultant with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof.

15. Should a receiving party find it necessary for maintaining, defending or evaluating this litigation to disclose a producing party's CONFIDENTIAL or ATTORNEYS' EYES ONLY INFORMATION to a technical advisor, the receiving party shall first give written notice to the producing party. Such written notice shall include the technical advisor's resume, *curriculum vitae* or other information adequate to identify the individual's current employer and recent employment history.

16. The producing party may object to the disclosure of the information to such technical advisor by notifying the receiving party of any objection within 5 days of receiving written notice of the receiving party's request to disclose the CONFIDENTIAL or ATTORNEYS' EYES ONLY INFORMATION to a technical advisor and by filing a motion showing good cause why the information or portions thereof should not be disclosed to such person within 10 days of receiving such written notice. Except by further order of this Court, no

CONFIDENTIAL or ATTORNEYS' EYES ONLY INFORMATION shall be disclosed to such technical advisor until after the expiration of a 10-day period commencing with the receipt by the opposing party of such notice or, if a motion is made within that period, until the matter has been ruled upon by this Court or otherwise resolved. No disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY INFORMATION shall be made to any technical advisor unless the person to whom the disclosure is to be made shall first have signed the form attached hereto as Attachment A stating that he or she has read and understands this Order and agrees to be bound by its terms. Identification of a technical advisor under this Protective Order is not a waiver of any applicable consultant or work product privilege, and does not by itself subject the technical advisor to any discovery.

### CONTROL GROUP OF EMPLOYEES/MANAGERS/MEMBERS OF THE CORPORATE BOARD OF DIRECTORS

17. CONFIDENTIAL INFORMATION of a producing party, and such copies as are reasonably necessary for maintaining, defending or evaluating this litigation, may be furnished and disclosed by counsel for a receiving party to a control group of no more than three (3) individuals who are employees, managers and/or members of the corporate board of directors of such receiving party or of a parent or subsidiary company with responsibility for maintaining, defending or evaluating this litigation (and supporting personnel).

18. Should counsel for a receiving party find it necessary for maintaining, defending or evaluating this litigation to disclose a producing party's CONFIDENTIAL INFORMATION to an individual identified in paragraph 17, counsel for the receiving party shall first obtain from such individual a signed statement, in the form attached hereto as Attachment A, stating that he or she has read and understands this Order and agrees to be bound by its terms. Such written agreement shall be retained by counsel for the receiving party, but need not be disclosed to the producing party.

### ACCESS TO CONFIDENTIAL INFORMATION AND ATTORNEYS' EYES ONLY INFORMATION BY COURT AND THIRD PARTY VENDORS

19. The Court and its officers, and court stenographers whose function requires them to have access to CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY information may have such access. In addition, certified independent shorthand reporters retained to record and transcribe testimony in connection with this action may have such access. Personnel of third party vendors engaged by a party or outside counsel for purposes of the following activities may have access to CONFIDENTIAL INFORMATION and ATTORNEYS EYES ONLY information: (i) the coding, imaging or other management of documents produced in discovery in this litigation; (ii) the translation of any foreign language document or testimony; (iii) the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial; or (iv) jury research and analysis (including mock jurors), provided that such personnel of third party vendors shall not be employees of a party and provided that such personnel of third party vendors execute the form attached hereto as Attachment A before receiving access to CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY information. It is understood that, while parties may retain third party vendors who may be given access to CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY information, such third party access shall not entitle the parties themselves to any access to information otherwise prohibited by this protective order.

### CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

20. The parties shall use reasonable care when designating documents or information as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY. Nothing in this Order shall prevent a receiving party from contending that any or all documents or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY has been improperly designated. A receiving party may at any time request that the producing party cancel or modify the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation with respect to any document or information contained therein.

21. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If an agreement cannot be reached, the receiving party shall request that the Court cancel or modify a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation.

## LIMITATIONS ON THE USE OF CONFIDENTIAL INFORMATION

22. CONFIDENTIAL and ATTORNEYS' EYES ONLY information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All produced CONFIDENTIAL and ATTORNEYS' EYES ONLY information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

23. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all CONFIDENTIAL and ATTORNEYS' EYES ONLY information of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

    (a) A present director, officer, and/or employee of a producing party may be examined and may testify concerning all CONFIDENTIAL and ATTORNEYS' EYES ONLY information which has been produced by that party;

    (b) A former director, officer, agent and/or employee of a producing party may be interviewed, examined and may testify concerning all CONFIDENTIAL and ATTORNEYS' EYES ONLY information of which he or she has prior knowledge, including any CONFIDENTIAL and

    ATTORNEYS' EYES ONLY information that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

(c) Non-parties may be examined or testify concerning any document containing CONFIDENTIAL and ATTORNEYS' EYES ONLY information of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party or a representative of the producing party. Any person other than the witness, his or her attorney(s), or any person qualified to receive CONFIDENTIAL and ATTORNEYS' EYES ONLY information under this Order shall be excluded from the portion of the examination concerning such information, unless the producing party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the producing party shall request that the attorney provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of CONFIDENTIAL and ATTORNEYS' EYES ONLY information disclosed during the course of the examination. In the event that such attorney declines to sign such a signed statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective Order from the Court prohibiting the attorney from disclosing CONFIDENTIAL and ATTORNEYS' EYES ONLY information.

24. All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY information or which contain information so designated, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this matter, an indication of the nature of the contents of such sealed envelope or other container, the words "CONFIDENTIAL INFORMATION - UNDER PROTECTIVE ORDER," and a statement substantially in the following form:

> This envelope contains confidential information filed in this case by (name of party) and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court presiding over this matter.

25. Except as provided in paragraph 13 herein, nothing in this Order shall prohibit the transmission or communication of CONFIDENTIAL or ATTORNEYS' EYES ONLY information between or among qualified recipients

   (a) by hand-delivery;

   (b) in sealed envelopes or containers via mail or an established freight, delivery or messenger service; or

   (c) by telephone, facsimile, e-mail or other electronic transmission system; where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

26. CONFIDENTIAL and ATTORNEYS' EYES ONLY information shall not be copied or otherwise reproduced by a receiving party, except for transmission to qualified recipients (except as provided in paragraph 13), without the written permission of the producing party, or, in the alternative, by further order of the Court. Except as provided in paragraph 13, nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of CONFIDENTIAL or ATTORNEYS' EYES ONLY information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed CONFIDENTIAL or ATTORNEYS' EYES ONLY information under the terms

of this Order. Further, except as provided in paragraph 13, nothing herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL or ATTORNEYS' EYES ONLY information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to CONFIDENTIAL or ATTORNEYS' EYES ONLY information, in whatever form stored or reproduced, shall be limited to qualified recipients.

## NONPARTY USE OF THIS PROTECTIVE ORDER

27. A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information pursuant to the terms of this Protective Order.

28. A nonparty's use of this Protective Order to protect its CONFIDENTIAL or ATTORNEYS' EYES ONLY information does not entitle that nonparty access to CONFIDENTIAL or ATTORNEYS' EYES ONLY information produced by any party in this case.

## MISCELLANEOUS PROVISIONS

29. If CONFIDENTIAL or ATTORNEYS' EYES ONLY information of a third party that is subject to an obligation of confidentiality to that third party, within the possession, custody or control of any party, is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process of any court, administrative or legislative body, or any other person or tribunal purporting to have opportunity to seek such information by compulsory process or discovery request, including private parties, then counsel for the party to whom the process or discovery request is directed must seek permission to produce such information in the present case within twenty one (21) days of receiving a request for such information.

30. Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

13

31. Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action each party shall, at its option, either return to the producing party or destroy all physical objects and documents which embody CONFIDENTIAL or ATTORNEYS' EYES ONLY information which were received from the producing party, and shall destroy in whatever form stored or reproduced, all other physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to CONFIDENTIAL or ATTORNEYS' EYES ONLY information; provided, that all CONFIDENTIAL and ATTORNEYS' EYES ONLY information, not embodied in physical objects and documents, shall remain subject to this Order. Notwithstanding the foregoing, counsel shall be entitled to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto) trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial.

32. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.

33. The United States District Court for the Eastern District of Texas, Texarkana Division, is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning CONFIDENTIAL or ATTORNEYS' EYES ONLY information produced under the protection of this Protective Order shall be resolved by the United States District Court for the Eastern District of Texas, Texarkana Division.

34. This Protective Order shall remain in full force and effect after the termination of this litigation or until cancelled or otherwise modified by order of this Court.

**SIGNED this 15th day of April, 2008.**

14

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A
# CONFIDENTIALITY AGREEMENT

I, _____, state:

1. I reside at _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have read the Agreed Protective Order dated _____, 2008,

and have been engaged as _____

on behalf of _____ in the preparation and conduct of litigation styled *Antor Media Corporation v. AEBN, Inc. et al.*, Civil Action No. 5:07-CV-168, pending in the United States District Court for the Eastern District of Texas, Texarkana Division.

5. I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any documents designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY information in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any CONFIDENTIAL or ATTORNEYS' EYES ONLY information are to be returned to counsel who provided me with such material

6. I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

7. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed on _____, 200\_.

15